IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JODY N. ISLEY | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:15-cv-00771-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jody Isley, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for supplemental security income benefits. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On September 29, 2009, Plaintiff protectively filed for benefits due to neck, shoulder and back pain; memory, hearing, and vision loss; mood disorders, depression and anxiety. (Tr. 90-92, 104-105, 11-112, 136, 144, 269) His claims were denied initially but remanded by the Appeals Council. After remand, a new Administrative Law Judge ("ALJ") issued a decision on May 16, 2014, finding Plaintiff was not disabled under the Act. (Tr. 69-81) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Plaintiff is thirty-eight years old. (Tr. 294) He has past relevant work as a drywall hanger and finisher. (Tr. 97)

**II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE**[1]

The ALJ found Plaintiff had not engaged in substantial gainful activity since September 22, 2009, and he has the following severe impairments: hearing loss in his left ear, history of fracture to his cervical and lumbar spine, history of right shoulder injury, and anxiety. (Tr. 71-72) The ALJ then found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 72)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to perform light exertional work but can only occasionally stoop, crouch, kneel, and crawl and cannot perform work that requires excellent hearing. (Tr. 73) Based on his RFC assessment, the ALJ concluded Plaintiff could no longer perform his past work as drywall hanger and finisher. (Tr. 79) Therefore, the ALJ utilized the services of a vocational expert (VE) to determine if other jobs existed that Plaintiff could perform despite his limitations. The VE testified at the hearing and provided additional evidence, later, through interrogatories. (Tr. 97-99, 368-372, 377) Based upon the VE's evidence, the ALJ concluded Plaintiff could perform the jobs of assembler and cleaner. (Tr. 377) Accordingly, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore was not disabled. (Tr. 80-81)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2] 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

**III.   ANALYSIS**

    **A.   Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    **B.   Plaintiff's Arguments for Reversal**

Plaintiff asserts the Commissioner's decision should be reversed because the ALJ's residual functional capacity assessment was flawed. (Doc. No. 16, pp. 7-11.)  Plaintiff specifically argues the ALJ failed to adequately assess his mental and physical limitations.

I have carefully considered Plaintiff's arguments and find the medical evidence supports the ALJ's RFC assessment.  Plaintiff is a young man.  While he is no longer able to perform his past work as a drywall hanger and finisher, the ALJ correctly determined he has the capability to work.

It is unfortunate that Plaintiff was involved in a motor vehicle accident.  And there is no doubt he suffers from some degree of pain and limitation as a result of the injuries he received in the accident.  However, the overall evidence of record fails to support an allegation of complete disability.

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Michael Todd Spataro, M.D., performed a consultative examination of Plaintiff. (Tr. 405-408) Nothing in Dr. Spataro's report supports an allegation of disability. Dr. Spataro stated, "Based on today's examination, I believe the claimant should be able to sit for a full workday. He has mild limitation to walk and/or stand for a full workday secondary to chronic neck and lower back pain. He has mild limitation to lift/carry objects secondary to right shoulder pain." (Tr. 407) With regard to any mental limitations, Dr. Spataro said, "He can hold a conversation, respond appropriately to questions, carry out and remember instructions." (*Id.*)

Additionally, Kenneth Hobby, Ph.D., performed a Mental Diagnostic Evaluation of Plaintiff and reported nothing disabling. (Tr. 392-402) Dr. Hobby's "Effects of Identified Mental Impairments on Adaptive Functioning" wholly support the ALJ's RFC assessment. (Tr. 400-401) The additional physical and mental RFC assessments - although completed by only reviewing the medical records - also support the ALJ's determination. (Tr. 411-418, 421-423) Accordingly, I find Plaintiff's arguments to be without merit.

While there may be some evidence Plaintiff has limitations related to his mental and physical impairments, the ALJ's finding that he could perform a slightly reduced range of light work is supported by the record.[6]

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

---

[6]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 22nd day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5